## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

VICTOR RIVERA,

               Plaintiff(s),

          -against-

THE CITY OF NEW YORK, NYC HUMAN
RESOURCES ADMINISTRATION POLICE
OFFICER LAMAR BAKER, JOHN DOES
1-2 in their Individual and official capacities,
FJC SECURITY SERVICES, INC. and JOHN DOES
3-5.

               Defendant(s).

**JURY TRIAL DEMANDED**

**COMPLAINT**

**CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. §1983**

**Civil Action No. 1:18-cv-9517**

---

Victor Rivera ("Plaintiff"), by his attorney Michael F. Rubin, Esq. complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

## THE PARTIES

1.    At all times hereinafter mentioned, plaintiff Victor Rivera (hereinafter "Rivera"), was and still is a resident of the County of New York, in the City and State of New York.

2.    At all times relevant and material herein, the defendant, City of New York hereinafter "City" was and still is a domestic municipal corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

3.    At all times relevant and material herein, the defendant, City operates, maintains and controls the New York City Department of Social Services, hereinafter "NYCDSS"

mfr:Rivera. compl

1

4.     At all times relevant and material herein, the defendant, NYCDSS operates, maintains and controls the New York City Human Resources Administration, hereinafter "NYCHRA".

5.     At all times relevant and material herein, the defendant, NYCHRA operates, maintains and controls the New York City Human Resources Administration Police Department, hereinafter "NYC HRA PD".

6.     At all times relevant and material herein, the defendant Lamar Baker was an employee of the City and was assigned to NYC HRA PD hereinafter "BAKER".

7.     At all times relevant and material herein, the defendant BAKER was an employee of the NYC HRA PD and was acting in the scope of his employment.

8.     At all times relevant and material herein, John Does 1 and 2 were employees of the City and were assigned to NYC HRA PD (hereinafter "Does 1-2").

9.     At all times relevant and material herein, Does 1-2 were employees of the NYC HRA PD and were acting in the scope of their employment and under Color of State Law.

10.     At all times relevant and material herein, the defendant, FJC Security Services, INC, hereinafter "FJC" was and still is a domestic corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

11.     At all times relevant and material herein, FJC was a private security services company contracted by the CITY to provide security services at the place of occurrence.

12.     At all times relevant and material herein, John Does 3-5 (hereinafter "Does 3-5") were employees of FJC and were acting within the scope of their employment.

mfr:Rivera. compl                                    2

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343 in that it alleges a claim for relief arising under 42 U.S.C. §1983 et seq.

14.     Additionally, the Court has supplemental jurisdiction of the state and common law claims asserted herein pursuant to 28 U.S.C. §1367 because such claims form part of the same case or controversy over which this court has original subject matter jurisdiction.

15.     Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and, or in the alternative, the defendant City, its subdivisions and departments, and defendant BAKER are subject to personal jurisdiction in this district.

## ALLEGATIONS PERTAINING
## TO ALL OF PLAINTIFF'S CLAIM

16.     At all times relevant and material herein, the defendant, City operated, maintained, managed, supervised and controlled the NYCDSS and its subdivisions, as part of and in conjunction with its municipal functions.

17.     That at all times hereinafter mentioned and upon information and belief, the defendant City, employed and/or supervised BAKER and John Does 1-5.

18.     Upon information and belief, BAKER and John Does 1-2 were graduates of the Police Academy, and or other formal training institution of the NYC HRA PD.

19.     At all times relevant hereto, the defendant City had the duty to competently and sufficiently hire, train and supervise, within the Police Academy and at the Command, Precinct and Patrol levels, the defendant BAKER and John Does 1-2, to conform their conduct to a standard for the protection of individuals, such as plaintiff, against the unreasonable risk of harm by conducting

mfr:Rivera. compl

3

themselves in such a manner so as to not intentionally, wantonly and/or negligently injure citizens such as plaintiff herein.

20.     In addition, at all times relevant hereto, the defendant City had the duty to competently and sufficiently hire, train and supervise within the Police Academy and at the Command, Precinct and Patrol levels the defendant BAKER and John Does 1-2 in the protection of the rights of plaintiff under the Constitution of the United States of America.

21.     In addition, at all times relevant hereto, the defendant FJC had the duty to competently and sufficiently hire, train and supervise John Does 3-5 generally and also in the protection of the rights of plaintiff under the Constitution of the United States of America.

22.     At all times hereinafter mentioned, upon information and belief, the defendant BAKER and John Does 1-5 were acting in their capacity as employees, agents and/or servants of the defendant, City of New York.

23.     At all times hereinafter mentioned all defendants were acting under the color of State law.

24.     At all times hereinafter mentioned, all defendants' acts constituted State action and all private actors were willful participants in joint activity with the State or its agents and shared the same common goal of violating the plaintiff's constitutional rights.

25.     On April 27, 2018 Mr. Rivera was lawfully attending to agency business at the offices of the NYCHRA located on 14th Street in New York County, in the City and State of New York.

26.     He had been given a number from the agency to determine his place in line. He left the main waiting room to use the washroom.  Upon his return, he asked an FJC security guard if she might know what number they were up to as he was concerned he may have lost his place in line.  The FJC employee responded that "it wasn't her f**king job".

mfr:Rivera. compl

4

27.     An exchange of words ensued between the guard and Mr. Rivera at which time defendant P.O. Baker of the HRA police department was summoned to the scene.  Baker arrested Mr. Rivera for disorderly conduct and harassment, both non-criminal violations of the NYS penal law.

28.     Baker rear-cuffed Mr. Rivera and escorted Rivera via elevator to a secluded HRAPD processing room located on the first floor of the building.

29.     While in the elevator, Baker, along with John Does 1 - 5, severely beat Mr. Rivera such that Rivera sustained several bruises, abrasions and lacerations on his head, face and body including his extremities.

30.     Upon leaving the elevator, Baker escorted Rivera into the secluded room referred to above.  Baker cleared the room of all other personnel.

31.     While alone in the room and while Rivera was still rear-cuffed and seated, Baker struck Rivera with his hand so forcefully that Rivera was caused to fall from the chair to the ground where he lost consciousness.

32.     An ambulance was called to the HRA location from which Rivera was removed and transported to a local hospital where he underwent a medical evaluation and various diagnostic procedures.

33.     The foregoing actions of the defendants was a shocking dereliction of their duty to safeguard the constitutional rights of the plaintiff, and a severe and unconscionable abuse of their authority and power as police officers and law enforcement professionals whose responsibility was to protect the constitutional rights of the plaintiff.

34.     By reason of the foregoing acts by the defendants, Mr. Rivera was injured and suffered, and upon information and belief, will continue to suffer, severe continuous emotional pain,

mfr:Rivera. compl

embarrassment, mental distress and anguish.

35.     Without probable or just cause, grounds or provocation, Baker and John Does 1-5 placed Rivera in imminent fear of harmful or offensive touching, touched Rivera in a manner that was excessive, unreasonable, unnecessary and without any privilege or justification, and touched the plaintiff in a hostile, offensive manner without his consent and with the intention of harmful or offensive bodily contact.

36.     By the reason of the foregoing, Rivera was compelled to return to court to answer the charges.

37.     Rivera remained the subject of a New York City Criminal Court complaint from April 27, 2018 until the charges against him were dismissed on August 13, 2018.

38.     The City and FJC had an obligation to properly and diligently investigate the background of Baker and John Does 1-5, in accordance with their own internal procedures and protocols, as well as within the procedures and protocols of accepted nationwide standards for hiring by law enforcement departments and security firms of major American cities, in order to ensure that prior to being hired, Baker and John Does 1-5 were not a danger to the citizens of the City in the course of their employment.

39.     The City and FJC had an obligation to properly and diligently supervise Baker and John Does 1-5, in order to ensure that they were not a danger to the citizens of the City in the course of their employment.

### ALLEGATIONS PERTAINING
### TO PLAINTIFF'S STATE LAWS CLAIMS ACCRUING
### ON APRIL 27, 2018

40.     Notice of the plaintiff's claim and intention to sue for damages, the nature of the claim and the date of, the time when, the place where and the manner in which the claim arose was duly served upon the Comptroller of the defendant City of New York on or about the 6th day of

mfr:Rivera. compl

September, 2018.

41.     That a hearing has not been held pursuant to section §50h of the General Municipal Law of the State of New York.

42.     That more than 30 days have elapsed since the notice of claim and intention to sue has been served upon the defendants, and the said defendants have neglected or refused to make any adjustment or payment thereof.

43.     A special proceeding by way of Order to Show Cause deeming the Notice of Claim served as noted above to have been served timely, was commenced.   No decision has yet been rendered.

44.     That this action is commenced within one year and ninety days after these causes of action arose.

## ALLEGATIONS PERTAINING
## TO PLAINTIFF'S STATE LAWS CLAIMS ACCRUING
## ON AUGUST 13, 2017

45.     That notice of the plaintiff's claim and intention to sue for damages, the nature of the claim and the date of, the time when, the place where and the manner in which the claim arose was duly and timely served upon the Comptroller of the defendant City of New York on or about the 6th day of September, 2018.

46.     That a hearing has not been held pursuant to section §50h of the General Municipal Law of the State of New York.

47.     That more than 30 days have elapsed since the notice of claim and intention to sue has been served upon the defendants, and the said defendants have neglected or refused to make any adjustment or payment thereof.

mfr:Rivera. compl

48.     That this action is commenced within one year and ninety days after these causes of action arose.

## FIRST CAUSE OF ACTION
## (STATE LAW CLAIM – ASSAULT)
## AS AGAINST ALL DEFENDANTS

49.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

50.     The defendants are liable for assault.

51.     That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at a trial of this action, but well in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorneys' fees and such other relief as this court may deem just and proper.

## SECOND CAUSE OF ACTION
## (STATE LAW CLAIM – BATTERY)
## AS AGAINST ALL DEFENDANTS

52.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

53.     The defendants are liable for battery.

54.     That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at a trial of this action, but well in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorneys' fees and such other relief as this court may deem just and proper.

mfr:Rivera, compl

## THIRD CAUSE OF ACTION
## (STATE LAW CLAIM - FALSE ARREST
## AS AGAINST THE CITY AND BAKER)

55.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

56.     That on or about the 27th day of April 2018 in the County of New York, City and State of New York, the defendants their agents, servants and/or employees wrongfully and falsely arrested, imprisoned and detained plaintiff without any right or grounds therefor.

57.     That on or about the 27th day of April 2018, the defendants wrongfully and falsely accused the plaintiff, of violations of the Penal Law of the State of New York.

58.     That the said arrest was caused by the defendants, their agents, servants and/or employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff was guilty of any offense.

59.     While the plaintiff was at the above location, the defendants, their agents, servants and/or employees, wrongfully and unlawfully, against the plaintiff's wishes, without his consent, or probable or reasonable cause, arrested and imprisoned the plaintiff.

60.     The plaintiff was detained until his release on April 27, 2018.

61.     That the plaintiff was wholly innocent of the said charges and he did not contribute in any way to the conduct of the defendants, their agents, servants and/or employees, and was forced by the defendants to submit to the aforesaid arrest and imprisonment entirely against his will.

62.     That as a result of the aforesaid accusations made by the defendants, their agents, servants and/or employees acting under their employment within the scope of their employment and authority, made falsely, publicly, and maliciously, the plaintiff was compelled to appear before a judge of the Criminal Court of the City of New York, New York County.

mfr:Rivera. compl

63.     That the defendants, their agents, servants and/or employees as set forth above, on or about the above date, time and place, intended to confine the plaintiff, the plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

64.     That by reason of false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with an offense, and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body, and the loss of employment opportunities.

65.     That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at a trial of this action, but well in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorneys' fees and such other relief as this court may deem just and proper.

## FORTH CAUSE OF ACTION
## (STATE LAW CLAIM - NEGLIGENT HIRING AND SUPERVISION
## AS AGAINST THE CITY AND FJC)

66.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

67.     That the defendants, their agents, servants and/or employees negligently, carelessly and recklessly failed to properly hire and supervise their employees.

68.     That the aforesaid occurrence, to wit: the false arrest and imprisonment, assault and battery and malicious prosecution, and the resulting injuries to mind and/or body there from, were caused wholly and solely by reason of the negligence of the defendants, its agents, servants and/or employees without any negligence contributing thereto on the part of the plaintiff.

mfr:Rivera. compl

10

69.     That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and he was incapacitated from his usual daily pursuits and will, upon information and belief attempt to extricate himself from the indignities and humiliation caused to him by the actions of the defendants, their agents, servants and/or employees.

70.     That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at a trial of this action, but well in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorneys' fees and such other relief as this court may deem just and proper.

## FIFTH CAUSE OF ACTION
## (STATE LAW CLAIM - MALICIOUS PROSECUTION)
## AS AGAINST THE CITY AND BAKER

71.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

72.     That on or about the 27th day of April 2018, while the plaintiff was lawfully and properly in the county of New York, City and State of New York, and at subsequent times and locations thereafter, the defendants, their agents, servants and/or employees maliciously prosecuted without any just right or grounds therefore.

73.     That the plaintiff was and is wholly innocent of the charges he was alleged by the defendants to have committed, and was forced by the defendants to submit to court proceedings.

74.     That defendants, their agents, servants and/or employees falsely and maliciously and without probable cause or provocation charged the plaintiff with an offense under the Penal Law of the State of New York.

mfr:Rivera. compl

11

75.     That the defendants, their agents, servants and/or employees acting in the scope of their employment, submitted false statements and withheld vital information before a Judge of the Criminal Court of the City of New York, in the County of New York.

76.     That upon examination, the said charges were falsely and maliciously made.  That on August 13, 2018 a Judge of the Criminal Court of the City of New York, dismissed all charges in relation to the plaintiff, wherein violations of New York State Penal Law were alleged.

77.     That the said prosecution and criminal charges and hearings were instituted and procured by the defendants, their agents, servants and/or employees in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefor.  That the commencement and/or continuation of the criminal proceedings by the defendants against the plaintiff were without probable cause, was with actual malice and was terminated in favor of the plaintiff.

78.     That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of liberty and was subjected to great indignity, humiliation, pain and great distress of mind and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual duties and vocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged.

79.     That by reason of the aforesaid, the plaintiff has been damaged in an amount to be determined at a trial of this action, but well in excess of the jurisdictional limits of all lower courts, plus punitive damages, plus costs, attorneys' fees and such other relief as this court may deem just and proper.

## FEDERAL CLAIMS

### SIXTH CAUSE OF ACTION
### (BATTERY- PURSUANT TO 42 U.S.C. §1983
### AS AGAINST BAKER AND JOHN DOES 1-5)

80.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

81.     Baker and John Does 1-5's conduct constituted battery by excessive force upon the plaintiff and violated plaintiff's rights under the Constitution.

## SEVENTH CAUSE OF ACTION
## (FALSE ARREST - PURSUANT TO 42 U.S.C. §1983)
## AS AGAINST BAKER

82.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

83.     That on or about April 27, 2018, in the County of New York, City and State of New York, Baker wrongfully and falsely arrested, imprisoned and detained plaintiff without any right or grounds therefore.

84.     That on or about the April 27, 2018, the defendant wrongfully and falsely accused plaintiff penal law violations.

85.     That the said arrest and imprisonment was caused by Baker, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that plaintiff was guilty of such offenses.

86.     While the plaintiff was at the above location, Baker wrongfully and unlawfully, against the plaintiff's wish, without probable or reasonable cause, violently handcuffed, arrested and imprisoned the plaintiff and with full force of arms, laid hold of and compelled him to go with the said defendant Baker, and be detained and imprisoned.

87.     That the plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct that defendant, their agents, servants and/or employee were

mfr:Rivera. compl

13

investigating, and was forced by the defendant to submit to the aforesaid arrest and imprisonment entirely against his will.

88.     That as a result of the aforesaid accusations made by Baker acting under the scope of his employment and within the scope of his authority, made falsely, publicly, and maliciously, the plaintiff was compelled to appear before a Judge of the Criminal Court of the City of New York, New York County.

89.     That Baker as set forth above on or about the above date, time and place, intended to confine the plaintiff, the plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement, and the confinement was not otherwise privileged.

90.     That by reason of the false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities and was assaulted, and in being so detained, charged and prosecuted was then and there prevented and hindered from performing and transacting his necessary affairs and business, and she was caused to suffer much pain in both mind and body.

## EIGHTH CAUSE OF ACTION
## (MALICIOUS PROSECUTION - PURSUANT TO 42 U.S.C. §1983)
## AS AGAINST BAKER

91.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully and at length set forth herein.

92.     That on or about April 27, 2018, while the plaintiff was lawfully and properly in the County of New York, City and State of New York, and at subsequent times thereafter, BAKER maliciously prosecuted and detained plaintiff without any just right or grounds therefore.

93.     That the plaintiff was and is wholly innocent of the charges he was alleged by the defendant to have committed, and was forced by the defendant to submit to court proceedings.

94.     That on or about the April 27, 2018 Baker falsely and maliciously and without

mfr:Rivera, compl

14

probable cause or provocation charged the plaintiff with violations of the Penal Law of the State of New York.

95.     That upon examination, the said charges were falsely and maliciously made.  That a Judge of the Criminal Court of the City of New York dismissed all charges on or about August 13, 2018.

96.     That the said criminal charges and prosecution were instituted and procured by Baker in this action unlawfully and maliciously and without any reasonable or probable cause whatsoever therefore.  That the commencement and/or continuation of the criminal proceedings by the defendant against the plaintiff were without probable cause, was with actual malice, and was terminated in favor of the plaintiff.

97.     That by reason of the aforesaid unlawful and malicious prosecution, the plaintiff was deprived of his liberty, was subjected to great indignity, was assaulted and humiliated, and caused great distress of mind and body and was held up to scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and vocation, was injured in his reputation in the community and the said plaintiff has been otherwise damaged.

## NINTH CAUSE OF ACTION
## (CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS)
## AS AGAINST BAKER AND JOHN DOES 1-5

98.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

99.     All of the aforementioned defendants conspired to violate plaintiff's civil rights by agreeing among themselves to commit acts, as described above, in violation of 42 USC §1985, for which the defendants are individually liable.

mfr:Rivera. compl

15

## TENTH CAUSE OF ACTION
## MONELL LIABILITY FOR FAILURE TO TRAIN AND SUPERVISE
## AS DELIBERATE INDIFFERENCE
## AS AGAINST THE CITY

100.   Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

101.   Plaintiff, was improperly arrested, detained and assaulted by Baker and John Does 1-5.

102.   Baker and John Does 1-2 were police officers and/or employees of the defendant City, assigned with the task of properly, professionally and safely processing all arrests made in their jurisdiction.

103.   Instead, the defendant police officers and John Does 1-2 behaved in a grossly inappropriate and victimizing manner toward the plaintiff and subjected him to a violation of his civil rights

104.   The defendants knew to a moral certainty that their HRA police officers would be interacting with civilians, and some of whom would be coming to a City social services agency in need of critical financial assistance.

105.   The City knew to a moral certainty that these civilians seeking critical financial services would be vulnerable and in an emotional state as a consequence of the dire financial circumstances they sought agency assistance to alleviate.

106.   Further, the City knew with moral certainty that the individuals interacting with these civilians seeking assistance would face difficult choices in the handling of these delicate situations, situations of the sort that proper training and/ or supervision would make less difficult.

mfr:Rivera, compl

107.    The City knew with the moral certainty that untrained or improperly trained individuals would frequently cause the deprivation of the citizens' constitutional rights.

108.    Nevertheless, the City were deliberately indifferent to the needs of those civilians and failed to properly train and/or supervise their employees who were placed in a position of authority and trust for civilians seeking city agency financial benefits.

109.    The City consciously disregarded the known risk of harm to the plaintiff and citizens like him that was posed and created by the failure to train and supervise defendants Baker and John Does 1-2.

110.    The City exhibited a deliberate indifference to the health, safety and welfare of the plaintiff.

111.    It was clear and foreseeable to the City that this failure to properly train officers or to establish proper policies and/or procedures governing their conduct would frequently cause the deprivation of such a citizen's rights and thus, the failure to properly train demonstrates a deliberate indifference to the needs of those citizens, such as the plaintiff.

112.    Furthermore, the consistent failure of the City to properly discipline its officers for acts of misconduct in the conduct of their duties and investigations has created a culture in which the officers feel emboldened to act as they choose without fear of repercussions or discipline; such failure to discipline by the City demonstrates a deliberate indifference to the rights of the citizenry at large, including those of the plaintiff.

113.    Furthermore, the consistent failure of the City to properly discipline its officers for acts of misconduct has created a culture in which the officers feel emboldened to act in contravention of City policies, customs and procedures otherwise governing the conduct; such failure to discipline by the City demonstrates a deliberate indifference to the rights of the citizenry at large, including those of the plaintiff.

114.    Specifically, the City is liable for, *inter alia*, following unconstitutional practices and policies and procedures.

a) Failing to establish and/or implement proper policies, protocols or procedures governing the processing of arrestees at the New York City HRA Police Department, specifically as those policies, procedures or protocols relate to the intake, interview, transport and search of and processing of arrestees;

b) Failing to properly train individuals working in HRA facilities and with the police department as to the policies, procedures and protocols in conducting criminal investigations;

c) Failing to properly individuals working in HRA facilities and with the police department as to how to treat and interact with arrestees;

d) Failing to properly train officers and those individuals working in HRA facilities as to the sensitive and vulnerable situation that exists when an arrestee is allowed to remain alone with an officer in a locked office;

e) Failing to establish a proper code of ethics for police officers and those individuals working in HRA facilities which specifically address matters of police misconduct involving the public;

f) Failing to include a code of ethics into the formal training of police officers and those individuals working in HRA facilities which specifically addresses matters of police misconduct involving the public;

g) Failing to properly investigate police officers and those individuals working in HRA facilities who engage in inappropriate behavior and or misconduct against the public and/or arrestees;

h) Failing to properly discipline and prosecute police officers and those individuals working in HRA facilities who engage in inappropriate behavior and/or misconduct against the public and/or detainees, which in effect condones their misconduct and emboldens such egregious behavior;

i) Failing to properly train or supervise police officers and those individuals working in HRA facilities regarding their affirmative duty to report misconduct by other employees and/or officers toward the public;

j) Failing to properly discipline and prosecute police officers and those individuals working in HRA facilities who failed to report the unlawful or inappropriate conduct of fellow employees and/or officers toward arrestees;

k) Failing to develop and implement adequate safeguards to prevent the excessive force against arrestees, despite a long-standing, pervasive documented history of such misconduct;

115.    The foregoing customs, policies, usages, practices, procedures and rules of the City and the HRA police department constituted a deliberate indifference to the safety, well-being and constitutional rights of persons with whom the agency and its employees come into contact including plaintiff;

116.    The foregoing customs, policies, usages, practices, procedures and rules of the City and the HRA police department were a direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein;

117.    The foregoing customs, policies, usages, practices, procedures and rules of the City and the HRA police department were the moving force behind the constitutional violation suffered by plaintiff as alleged herein;

mfr:Rivera. compl

118.   Defendants, collectively and individually while acting under Color of State Law were directly and actively involved in violating the constitutional rights of the plaintiff.

119.   Defendants, collectively and individually while acting under Color of State Law acquiesced in a pattern of unconstitutional conduct by subordinate police officers and employees who were directly responsible for the violation of the plaintiff's constitutional rights.

120.   The acts complained of herein were carried out by the aforementioned individual defendants in their capacities as police officers and officials of the State in a joint activity with the State or its agents with the entire actual and/or apparent authority attendant thereto.

121.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of the City and the HRA police department all under the supervision of ranking officers of said department.

122.   Defendant, City as municipal policymaker in the training and supervision of defendant police officers has pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer a violation of their rights due to the behavior and conduct of individual police officers acting under the Color of State Law, with apparent authority, while effecting no legitimate law enforcement purpose, and, engaging in conduct which no reasonable police officer could believe did not violate the civil rights of the plaintiff or other such individuals.

123.   Accordingly, all of the foregoing acts by the defendants deprived the plaintiff of federally protected rights including but not limited to the right to be free from false arrest, to not be maliciously prosecuted and to not be subjected to unlawful battery and excessive force during an arrest.

### ELEVENTH CAUSE OF ACTION
### FAILURE OF BAKER AND JOHN DOE(S) 1-5 TO INTERVENE
### TO PROTECT PLAINTIFF'S CONSTITUTIONAL RIGHTS
### IN VIOLATION OF 42 USC §1983

124.   Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth.

125.   Defendants had an affirmative duty to intervene on behalf of the plaintiff whose constitutional rights were being violated in the presence of other officers.

126.   Defendants failed to intervene to prevent the unlawful conduct described herein.

127.   As a result of the foregoing the plaintiff's liberty was restricted for a period of time; he was handcuffed and assaulted.

**WHEREFORE**, plaintiff demands judgment against the defendants as follows:

Judgment in the amount $2,500,000.00, and plaintiff demands an additional sum of punitive damages against Baker and John Does 1-5, to be determined at the trial of this action; and in the event plaintiff is a prevailing party, attorney's fees; and interest, costs, and such other relief as to this Court shall seem just and proper.

Dated:  October 11, 2018

Yours, etc.,

Michael F. Rubin, Esq. (0697)
Kelly & Rubin, LLP.
225 Broadway, 3rd Floor
New York, NY 10007
Tel: (212) 691-9393
MFR@kellyrubin.com

To:    The City of New York
Corporation Counsel
100 Church Street
New York, NY 10007

HRA Officer Lamar Baker
Office of Legal Affairs/Employment Law Division
4 World Trade Center
150 Greenwich Street, 38th Floor
New York, NY 10007

FJC Security Services, Inc.
275 Jericho Turnpike
Floral Park, N.Y. 11001

mfr:Rivera. compl

22